Dear Senator Foster:
You asked whether, under La. R.S. 23:1391 et seq., the Louisiana Worker's Compensation Corporation is authorized to insure Louisiana employers for their risk under other states' worker's compensation statutes when their employees are temporarily engaged in activities in such other states and injured outside of the territorial limits of the State of Louisiana. In our opinion, it is within the purposes for which the Louisiana Worker's Compensation Corporation exists and not "ultra vires" for the corporation to do so, provided the employees so covered have, with their respective Louisiana employers, permanent employment status within Louisiana and their engagement in activities in other states, even if somewhat lengthy in stay, is on a temporary basis.
As you have indicated in your opinion request letter, the Louisiana Worker's Compensation Corporation was created to fulfill the public purpose of providing, in lieu of the private marketplace, worker's compensation policies to Louisiana employers who could not reasonably obtain them in the private market, as the state's assuring the continued availability of such policies has become necessary in the public interest to avoid catastrophe to the economic development and well-being of the State of Louisiana. R.S. 23:1391 et seq. Such a purpose infers that generally the same kind of worker's compensation policies available on the private market to protect against the risks of liability losses Louisiana employers can incur as a result of the harms that can befall their Louisiana employees on the job and also to afford a measure of protection to such employees without the need for proving fault can be sold by the corporation to Louisiana employers. See, for example, R.S.23:1399(A)(3) and (4). It is reasonable in light of today's entrepreneurial needs and corollary employment practices that such coverage might include adequate protection against risks of loss resulting from harms that could befall Louisiana employees temporarily engaged in employment activities in other states; such kinds of policies appear to be approved for the private market. Cf. R.S. 23:1035.1. In this regard, R.S. 23:1393(C) explicitly provides: "Any extraterritorial insurance coverage, as defined in R.S. 23:1035.1, shall be provided as incidental to the issuance of a policy by the corporation."
Because the purpose of the Louisiana Worker's Compensation Corporation is to provide worker's compensation policies and coverages in Louisiana to Louisiana employers in lieu of the private market in order to foster and nourish the economic development and welfare of the State of Louisiana, we do not think that the selling and underwriting of policies to an employer to insure against harms to employees permanently employed in other states falls within the purpose of the corporation. For example, suppose a multi-state manufacturer has a plant in Louisiana (making it a Louisiana employer with respect to such plant) and also a plant in California; in our opinion, it would be ultra vires to the purposes of the corporation to sell a policy to this manufacturer covering all of his permanent California plant employees.
Thus, while it is our opinion that it is within the purposes of the Louisiana Worker's Compensation Corporation and not "ultra vires" for the corporation to insure Louisiana employers for their risk under other states' worker's compensation statutes when their employees are temporarily engaged in activities in such other states, it is also our opinion that the employees so covered must have, with their respective Louisiana employers, permanent employment status within Louisiana, and their engagement in activities in other states, even if somewhat lengthy in stay, must be only on a temporary basis. If the Louisiana Worker's Compensation Corporation decides to sell and underwrite such policies, it should adopt reasonable guidelines and take reasonable steps to assure that such employees are based permanently in Louisiana in fact as well as in name and are indeed only working out-of-state temporarily.
We trust that this opinion provides a sufficient answer to your request.
With warmest regards, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By __________________________ THOMAS S. HALLIGAN Assistant Attorney General
TSH:gbe
Honorable Mike Foster Vice-Chairman Board of Directors Louisiana Workers' Compensation Corporation Louisiana State Senate P.O. Box 94183 Baton Rouge, Louisiana 70804
Date Received: 09-07-94
Date Released:
THOMAS S. HALLIGAN ASST. ATTORNEY GENERAL
Honorable Mike FosterVice-Chairman Board of DirectorsLouisiana Worker's Compensation CorporationLouisiana State SenateP.O. Box 94183Baton Rouge, Louisiana 70804
Mrs. Lynn G. Krogstad2237 South Acadian ThruwayBaton Rouge, Louisiana 70808